Totten, J.,
delivered the opinion of the court.
The case is briefly this : Spencer C. Stone, the plaintiff in the action, being on his return from the South to the Eastern part of this State, where he resides, had arrived at Memphis; at that place, he came on board the steamboat “America,” and engaged Ms passage to Nashville ; he brought on board the boat his traveling trunk, and on the way, the lock of Ms trank was forced or broken. These facts appear by indifferent and competent evidence. The action is against defen *420 dants as owners of the boat, and they admit their ownership by receiving from the plaintiff ten dollars, the amount due for his passage to Nashville ; this fact is not otherwise proved. There being no other proof, the deposition of the plaintiff was admitted to a certain extent, and with certain limitations, to prove the contents of the trunk; that is, the court was of opinion, that his evidence was competent to prove an amount of money in the trunk, reasonably sufficient to defray the ordinary expense of the journey which the plaintiff was then making, allowing a reasonable sum also for accidents and contingencies. It is proved by the plaintiff’s deposition alluded to, that the eontents of his trunk were his wearing apparel and fifty dollars in current bank notes, intended to be used in payment of his expenses on the journey home. Nothing else was taken from his trunk, except the money and a pocket-book in which the money was deposited. The verdict was for the plaintiff, and defendants’ motion for a new trial being overruled, and judgment rendered, they have appealed in error to this court.
The defendants, as common carriers were bound, as upon an implied contract, to carry safely the baggage of the passenger. It is not practicable to state with precise accuracy what shall be included by the term baggage. It certainly includes articles of necessity and personal convenience, usually carried by passengers for their personal use; and what these may be will very much depend upon the habits, taste and resources of the passenger ; it also includes money to that extent which may be convenient to meet the traveling expenses. Boman vs. Maxwell, 9 Hump. R. 625. Bank vs. Brown, 9 Wend. R. 85.
Now a portion of the baggage deposited in the passenger’s trunk being lost while in the care of the carriers, and, as it must be inferred in the absence of proof to the contrary, lost by their negligence, was it competent for the plaintiff by his *421 own evidence, there being no other known to him, to prove the contents of his trunk, and the value of the baggage, that was taken from it?
The general rule certainly is, that no person shall be a witness for himself, or in support of his own suit; but it is equally true, that this rule has many exceptions arising from necessity or policy, and we think the present case very properly forms one of those exceptions.
In 1 Greenl. Ev. sec. 348, it is said, that the oath in litem is admitted where it shall appear by proof aliunde, that the defendant has been guilty of some fraud or other tortious or unwarrantable act of intermeddling with the plaintiff’s goods, and no other evidence can be had of the amount of damages. As, where the bailiffs in serving an execution, discovered a sum of money secretly hidden in a wall, and took it away and embezzled it. Childress vs. Saxby, 1 Vern 207. So, when a man ran away with a casket of jewels with which he was intrusted ; and so “where a ship-master received on board his vessel a trunk of goods, to be carried to another port, but on the passage he broke open the trunk, and rifled it of its contents.” Herman vs. Drinkwater, 1 Greenl. R. 27. The injury being established by proof aliunde, the plaintiff in each case, was held competent as a witness to prove the extent of the injury, by stating the amount of money taken, and the contents and value of the casket and trunk. In this class of cases, the evidence is admitted both upon a principle of necessity and in odium spoliatoris. 1 Vern. 308. 1 Greenl. R. 27. Angell on Carriers, sec. 477. 1 Greenl. Ev. sec. 348. Oppenhamer vs. Edney, 9 Hump. R. 393.
The case before us, however, is not one of fraud or spoliation, but of mere negligence on the part of the bailees or their agents; and here also, the same rule applies upon the principle of necessity alone, but it is limited to the extent of that necessity.
*422 It is not usual or convenient for the passenger to have a witness to the contents of his trunk, box, or parcel; or to call the special attention of the carrier to those contents, coming under the general character of baggage ; or in any manner to prepare himself with evidence in anticipation of the loss.
If in such case, the loss should occur, he is without remedy, because without proof of the extent of his injury, unless his own oath be admitted as competent. His condition in this respect, is not the result of any want of care or diligence on his part, and that being the case, it would be unreasonable and unjust to say, that he can have no remedy for an injury done him, by the negligence of the carrier.
As the rule is admitted upon a principle of necessity, it can have no application to other goods, than those which come under the general name of baggage. Because, as to other goods, it is the duty of the owner, and in accordance with common usage, to provide himself with bills of lading or other evidences of the delivery to the carriers ; and if he do not, he is himself guilty of negligence. We have seen that the rule is without this limitation, when the evidence is admitted upon the ground of fraud or spoliation. Clark vs. Spence, 10 Watts R. 335. 12 Vin. 24 pl. 32. McGill vs. Rowand, 3 Barr (Pa.) R. 451, cited in Angel on Carriers, sec. 476.
We have been referred to the case of Snow vs. Eastern Railroad Company, 12 Mete. R. 44, where a different rule was held. We need only say, in reference to that case, that we think the weight of reason and authority, is against it.
It will be seen from this view of the case, that the evidence in question, was properly admitted.
Let the judgment be affirmed.